UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORIO VEGA,

Plaintiff,

vs. Case No. 2:05-cv-573-FtM-29DNF

SCOTT MATHEW STANTON, ANTHONY MANN and BETTERWAY RENT-A-CAR, INC.,

Defendants.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court on a jurisdictional review of the Second Amended Complaint (Doc. #26), filed on January 31, 2006, pursuant to the Court's Orders (Docs. #22, #25).

On January 27, 2006, the Court granted leave to amend the Amended Complaint, dismiss Budget Rent-A-Car of Atlanta, and add a party. More specifically, the Court required plaintiff to revise the Second Amended Complaint to properly allege jurisdiction because "residing" was insufficient for jurisdictional purposes. Plaintiff was also notified that the amount in controversy was insufficient. On January 30, 2006, the Court reiterated the need to file a revised Second Amended Complaint with the "required jurisdictional allegations."

Diversity jurisdiction requires complete diversity, i.e., that all plaintiffs must be diverse from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Riley v. Merrill Lynch,

Pierce, Fenner & Smith, 292 F.3d 1334, 1337 (11th Cir.), cert. denied, 537 U.S. 950 (2002). Citizenship is determined as of the time the suit is filed. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Sweat Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242 (11th Cir. 2005)(citing 28 U.S.C. § 1332(c)(1)). The amount in controversy now alleges an amount in excess of $75,000, and this is not an issue. Also, it is clear that federal question subject-matter jurisdiction is not alleged and present.

Plaintiff alleges that he is a "natural person residing in Lee County, Florida;" defendant Scott Mathew Stanton is a "natural person residing in Lee County, Florida;" defendant Antohony Mann is a "natural person residing in Georgia;" and defendant A Betterway Rent-A-Car, Inc. is a "domestic profit corporation that is licensed to do business in the State of Georgia." (Doc. #26, ¶¶ 2-5). This is insufficient. "An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship." Kerney v. Fort Griffin Fandangle Ass'n, Inc., 624 F.2d 717, 719 (5th Cir. 1980)[1]. The law clearly provides that ".

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to (continued...)

. . a natural person must be both a citizen of the United States, [ ] and a domiciliary of the State. [ ] For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.),(internal citations omitted), cert. denied, 419 U.S. 842 (1974).

To the extent that plaintiff intended that "natural person residing in" be construed as equivalent to citizenship, the Court still lacks diversity jurisdiction because defendant Stanton is alleged to be "residing in Lee County, Florida," the same State as plaintiff. Additionally, "licensed to do business in" is not equivalent to alleging that the principal place of business or place of incorporation is the State of Georgia. The Notice of Removal (Doc. #1) also fails to establish diversity of citizenship.

The Court has provided plaintiff the information and opportunity to properly allege jurisdiction before this Court. The Court, having reviewed the Second Amended Complaint, finds that it does not have original jurisdiction over this case. As such, the case is due to be dismissed without prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

---

[1](...continued)
the close of business on September 30, 1981.

The Second Amended Complaint (Doc. #26) is **dismissed without prejudice** for lack of jurisdiction. The Clerk shall enter judgment accordingly and close the case. The Clerk is further directed to terminate any deadlines and motions as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this 1st day of February, 2006.

**JOHN E. STEELE**
**United States District Judge**

Copies:
U.S. Magistrate Judge
Counsel of record
DCCD